# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE COLLINS, | | 1:08-cv-00248 OWW DLB HC |
| | Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | | |
| KEN CLARK, | | [Doc. 1] |
| | Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on February 20, 2008. Petitioner is challenging a conviction arising out of the Kern County Superior Court for his third strike offense of possession of a controlled substance in violation of California Health and Safety Code section 11350. Petitioner contends that his right to a jury trial was violated because there was not sufficient evidence presented to find the strike prior true beyond a reasonable doubt.

On the form petition, Petitioner neglected to indicate that he has previously filed a petition for writ of habeas corpus in this Court, in case number 1:05-cv-0541 OWW DLB HC, Collins v. Adams, which was dismissed, with prejudice as untimely on February 8, 2007.[1] Petitioner filed a notice of appeal on March 1, 2007, and the Ninth Circuit Court of Appeals

---

[1] In that petition, Petitioner contended that California Three Strikes law was improperly applied to him, the prosecution failed to present sufficient evidence for a finding of guilt on the sentencing enhancements, his counsel was ineffective, and the trial court abused its discretion by failing to strike one or both of the prior convictions.

denied a certificate of appealability on September 7, 2007.  (See Court Docs. 34, 37, in 1:05-cv-0541 OWW DLB HC.)

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

1 Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the
2 claim raised in the first petition was dismissed by the district court as premature.)
3      The prior petition in CV-F-05-0541 OWW DLB HC, was dismissed, with prejudice, as
4 time-barred by the statute of limitations.  Although a dismissal based on the statute of limitations
5 does not include an examination of the merits of the petition, it nonetheless operates and is
6 equivalent to a final judgment on the merits.  See e.g. Ellingson v. Burlington Northern Inc., 653
7 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the
8 merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871
9 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata
10 purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the
11 merits.")  A dismissal based on untimeliness under the statute of limitations bars further review
12 of the action.  Therefore, because the prior petition was adjudicated "on the merits", the instant
13 petition is a "second or successive petition" under § 2244(b).
14      Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to
15 file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction
16 to consider Petitioner's renewed application for relief from that conviction under § 2254 and must
17 dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner
18 desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do
19 so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

21      Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
22 corpus be DISMISSED, without prejudice, as a successive petition.
23      These Findings and Recommendations are submitted to the assigned United States
24 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
25 304 of the Local Rules of Practice for the United States District Court, Eastern District of
26 California.  Within thirty (30) days after being served with a copy, any party may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

**Dated:   March 10, 2008**                             /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE